UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS DRISKILL,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>    Defendants. | Case No. 24-cv-00583-AMO<br><br>**ORDER DENYING DEFENDANT AFFIRM INC.'S MOTIONS TO DISMISS AND TO STAY DISCOVERY**<br><br>Re: Dkt. Nos. 20, 32, 38 |

This is a Fair Credit Reporting Act ("FRCA") case. Before the Court is Defendant Affirm, Inc.'s ("Affirm") motion to dismiss (ECF 20) and its motion to stay discovery pending resolution of the motion to dismiss (ECF 32). The matters are fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for August 1, 2024, is **VACATED**. *See* Civil L.R. 7-6. The Court **DENIES as moot** Driskill and Affirms' joint motion for leave to appear virtually at the hearing. ECF 38. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **DENIES** the motions, for the following reasons.

I.    **BACKGROUND**[1]

Plaintiff Travis Driskill is a consumer and resident of Arizona. Compl. ¶ 13. Defendant Experian Information Solutions, Inc. – one of the three major consumer reporting agencies ("CRAs") in the United States. Compl. ¶ 2. Defendant Affirm, Inc. (erroneously sued as Affirm Holdings, Inc.) is a financial technology company with a "buy now, pay later" service for online

---

[1] Unless otherwise noted, the Court accepts Driskill's allegations in the Complaint as true and construes the pleadings in the light most favorable to Driskill. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

and in-store purchases, which regularly furnishes CRAs with customer account information. Compl. ¶ 3.

In February 2022, Driskill discovered that he was the target of identity theft, and obtained his credit file disclosure from Defendant Experian, which "contained eleven Affirm accounts that Experian was wrongfully reporting as belonging" to Driskill. Compl. ¶¶ 33-35, 47. Driskill disputed the reporting to Experian, and in response, Experian deleted all but two Affirm accounts from his credit report. Compl. ¶¶ 38-39.

Driskill reported his claims of fraud and identity theft and filed an identity theft report with the Federal Trade Commission and a report with the Mesa, Arizona Police Department. Compl. ¶¶ 40-41. He provided both of these reports to Affirm and spoke to the lender on at least four occasions in March 2022 to dispute the accounts and supplement his prior submissions. Compl. ¶¶ 42-43. MRS, a debt collector for Affirm accounts, contacted Driskill in April 2022 in an attempt to collect on the fraudulent accounts. Compl. ¶ 44. Driskill further disputed the accounts as not belonging to him directly with MRS and again with Affirm, to no avail. Compl. ¶¶ 45-46. In the summer of 2022, Driskill again disputed the Affirm accounts in writing to Experian, who then sent the disputes to Affirm, but the reporting did not change. Compl. ¶¶ 47-49, 57-68. In addition to the inaccurate reporting, Driskill learned that Affirm had accessed his credit reports without his permission. Compl. ¶¶ 73-74.

Separately during 2022, Driskill and his now ex-wife entered divorce proceedings in Maricopa County, Arizona. RJN (ECF 21), Ex. 4. The divorce culminated in the entry of a consent decree, signed by the Arizona court on June 15, 2022. *Id.* ¶ 13. Within that consent decree, the Arizona court "allocated" to Driskill "[a]ny and all debts held in [his] name alone." *Id.* ¶ 5.a. (referencing RJN, Ex. C). The consent decree does not identify or mention the Affirm debts at issue here. *See generally id.*

Driskill initiated this suit on January 31, 2024. ECF 1. Defendant Experian answered on March 27, 2024. ECF 17.[2] Defendant Affirm filed the instant motion to dismiss on April 23,

---

[2] Following completion of briefing on both of Affirm's motions, Experian filed a motion to compel arbitration. ECF 37. That motion remains pending and will be resolved separately.

2

1  2024.  ECF 20.  On June 21, 2024, Affirm filed its motion to stay discovery pending ruling on the
2  motion to dismiss.  ECF 32.

## II. DISCUSSION

### A. Motion to Dismiss

Defendant Affirm contends that Driskill's contested debt was assigned to him in the course of his divorce proceedings.  Because the Arizona Superior Court made the assignment as part of a consent decree, Affirm argues, this Court cannot find that the debt was improperly assigned without essentially overturning the state court ruling.  On this basis, and pursuant to Federal Rule of Civil Procedure 12(b)(6), Affirm moves to dismiss the case under the *Rooker-Feldman* Doctrine.

Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  *Ileto v. Glock*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679.  Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005).

1    Under the *Rooker-Feldman* doctrine, federal district courts do not have appellate jurisdiction to hear cases that are, in effect, appeals from state court judgments. *See, e.g.*, *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). This is because, "[a]bsent express statutory authorization, only the Supreme Court has jurisdiction to reverse or modify a state court judgment." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). The Supreme Court has noted that this doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Courts in the Ninth Circuit consider whether plaintiff (1) "asserts as a legal wrong an allegedly erroneous decision by a state court," and (2) "seeks relief from a state court judgment based on that decision." *Carmona*, 603 F.3d at 1041 (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). Given its limited scope, *Rooker-Feldman* "does not preclude a plaintiff from bringing an 'independent claim' that, though similar or even identical to issues aired in state court, was not the subject of a previous judgment by the state court." *Cooper v. Ramos*, 704 F.3d 772, 778 (9th Cir. 2012) (quoting *Skinner v. Switzer*, 562 U.S. 521, 532 (2011)). District courts are to "'pay close attention to the relief sought by the federal-court plaintiff'" in analyzing whether a case presents a de facto appeal. *Hooper v. Brnovich*, 56 F. 4th 619, 624 (9th Cir. 2022) (quoting *Cooper*, 704 F.3d at 777-78).

Here, Driskill seeks redress for Affirm's failure to reasonably investigate his disputes and correct reports of improper debts. Compl. ¶ 101-35. Driskill does not seek any relief from the Arizona court's consent decree. He does not request for this Court to set the decree aside, alter it, strike it, or to reassign legal responsibility for any debts to his ex-wife. Driskill does not assert that the consent decree was erroneous or that he suffered a legal wrong at the hands of the Arizona court. Indeed, since the Arizona court entered the consent decree, Driskill did not "lose" anything there – he agreed to the entry of the decree. *See* RJN, Ex. 4 ¶ 12 ("Both parties agree to proceed in this matter by Consent Decree for Dissolution of Marriage."). Moreover, the Arizona court did not consider Driskill's disputes of the inaccurate credit reporting because those issues were not before it. *Rooker-Feldman* therefore cannot apply to bar Driskill's FCRA claims. *See Fowler v.*

4

*Guerin*, 899 F.3d 1112, 1119 (9th Cir. 2018) (finding *Rooker-Feldman* did not bar claims because "[n]o state-court judgment resolved the precise issues presented in this case, and the [plaintiffs] do not complain of any error by the state court or seek relief from the state court's judgments"). Focusing, as the Court must on "the relief sought by the federal-court plaintiff" – damages for Affirm's failures to appropriately investigate Plaintiff's disputes – Driskill does not assert a de facto appeal of the division of marital debts by the Arizona court. *Hooper*, 56 F. 4th at 624.

Even if Driskill did seek appeal of the Arizona court's consent decree, the *Rooker-Feldman* doctrine would not limit the Court's authority unless Driscol's claims are "inexorably intertwined" with the Arizona court's ruling. *Cooper*, 704 F.3d at 778 ("Our circuit has emphasized that '[o]nly when there is already a forbidden de facto appeal in federal court does the 'inextricably intertwined' test come into play.'") (alteration in original). This requirement is met "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id.* at 779. Or, as the Ninth Circuit has explained, "claims [are] inextricably intertwined where 'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'" *Id.* (quotation marks omitted).

Here, Driskill disputes the Affirm accounts appearing on his credit record and Affirm's failure to investigate his disputes, but none of that is a result of any action by the Arizona court. Any conclusion regarding Affirm's failure to reasonably investigate Driskill's disputes will not impact the Arizona court's decision at all. Affirm argues that Driskill's claims are "inextricably intertwined" with the Consent Decree (ECF 20 at 8), but it does not point to any connection between the subject debt and the Consent Decree beyond this mere conclusion. More importantly, Affirm fails to identify how Driskill's claims would require reconsideration of the Consent Decree or somehow void its ruling. Affirm's bare assertions are insufficient to satisfy the second part of this Circuit's *Rooker-Feldman* test. The *Rooker-Feldman* doctrine therefore does not foreclose Driskill's FCRA claims in this Court.

//

//

//

### B. Motion to Stay Discovery

As noted above, Affirm moved for a stay of discovery pending a ruling on the motion to dismiss. ECF 32. The Court has resolved Affirm's jurisdictional challenge for the reasons stated above. Therefore, the Court **DENIES** Affirm's motion to stay discovery as moot.

## III. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Affirm's motions to dismiss and to stay discovery. The Court **ORDERS** Affirm to file an answer to the Complaint within 21 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: July 17, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**